FILED
2014 SEP 29 AM 10: 45
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:14CR349 |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| TOYODA GOSEI CO., LTD. | ) | Violation: |
| | ) | Count I: 15 U.S.C. § 1 |
| Defendant. | ) | Count II: 15 U.S.C. § 1 |
| | ) | |
| | ) | Filed: |

**JUDGE ZOUHARY**

**INFORMATION**

**COUNT ONE**
**CONSPIRACY TO RESTRAIN TRADE**
**(15 U.S.C. § 1)**

**MAG. JUDGE JAMES R. KNEPP II**

The United States of America charges that:

I.

DEFENDANT AND CO-CONSPIRATORS

1. TOYODA GOSEI CO., LTD., is hereby made a Defendant on the charge contained in Count One.

2. TOYODA GOSEI CO., LTD. ("the defendant") is a corporation organized and existing under the laws of Japan, with its principal place of business in Aichi, Japan, and U.S. subsidiaries in various locations, including Troy, Michigan. During the period covered by Count One, the defendant was engaged in the business of manufacturing and selling certain automotive hoses (as defined in Paragraph 6 below, hereinafter "Certain Automotive Hoses") to Toyota Motor Corporation and certain of its subsidiaries, affiliates, and suppliers (collectively, "Toyota") in the United States and elsewhere.

ORIGINAL

3. Another corporation and other individuals, not made defendants in this Count, participated as co-conspirators in the offense charged in this Count and performed acts and made statements in furtherance of it.

4. Whenever in this Count reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

II.

BACKGROUND

5. During the period covered by this Count, the defendant and its co-conspirators supplied Certain Automotive Hoses to Toyota for installation in vehicles manufactured and sold in the United States. During the period covered by this Count, the defendant and its co-conspirators manufactured Certain Automotive Hoses in the United States for installation in vehicles manufactured and sold in the United States.

6. Certain Automotive Hoses consist of low-pressure rubber hoses used in automobile engine compartments, and plastic and resin tubes used in automobile engine compartments and fuel tank modules. Certain Automotive Hoses are typically manufactured for specific automobiles, and are developed over a year in advance of an automobile model entering the market. Before ordering Certain Automotive Hoses for a new automobile model, automobile manufacturers typically requested pricing from suppliers, through requests for quotation ("RFQs"). In response to the RFQs, the suppliers submitted price quotes, or bids, to the automobile manufacturer. When a supplier received part orders for a particular automobile

2

model, it typically supplied the parts for the duration of that model, which is usually four to six years.

### III.

### DESCRIPTION OF THE OFFENSE

7. Beginning at least as early as February 2004 and continuing until at least September 2010, the exact dates being unknown to the United States, the defendant and its co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition by agreeing to allocate sales of, to rig bids for, and to fix, stabilize, and maintain the prices of Certain Automotive Hoses sold to Toyota in the United States. The combination and conspiracy engaged in by the defendant and its co-conspirators was in unreasonable restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

8. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and its co-conspirators, the substantial terms of which were to allocate sales of, to rig bids for, and to fix, stabilize, and maintain the prices of, Certain Automotive Hoses sold to Toyota in the United States.

### IV.

### MEANS AND METHODS OF THE CONSPIRACY

9. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and its co-conspirators did those things that they combined and conspired to do, including, among other things:

3

(a) participating in meetings, conversations, and other communications to discuss the bids and price quotations to be submitted to Toyota in the United States;

(b) agreeing, during those meetings, conversations, and communications, to allocate among the companies certain sales of Certain Automotive Hoses sold to Toyota in the United States;

(c) agreeing, during those meetings, conversations, and communications, on bids and price quotations to be submitted to Toyota in the United States;

(d) exchanging information on bids and price quotations to be submitted to Toyota in the United States, in order to effectuate the agreements;

(e) submitting bids and price quotations to Toyota in the United States in accordance with the agreements;

(f) selling Certain Automotive Hoses to Toyota in the United States at collusive and noncompetitive prices; and

(g) accepting payment for Certain Automotive Hoses sold to Toyota in the United States at collusive and noncompetitive prices.

V.

TRADE AND COMMERCE

10. During the period covered by Count One, the defendant and its co-conspirators sold to Toyota in the United States substantial quantities of Certain Automotive Hoses in a continuous and uninterrupted flow of interstate commerce. In addition, substantial quantities of equipment and supplies necessary to produce and distribute such Certain Automotive Hoses, as well as substantial payments for such parts, traveled in interstate commerce.

11. During the period covered by Count One, the business activities of the defendant and its co-conspirators in connection with the production and sale of Certain Automotive Hoses that are the subject of this Count were within the flow of, and substantially affected, interstate commerce.

## VI.

## JURISDICTION AND VENUE

12. The combination and conspiracy charged in Count One was carried out in the Northern District of Ohio and elsewhere within the five years preceding the date of this Count.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

## COUNT TWO
## CONSPIRACY TO RESTRAIN TRADE
## (15 U.S.C. § 1)

The United States of America charges that:

## I.

## DEFENDANT AND CO-CONSPIRATORS

13. TOYODA GOSEI CO., LTD., is hereby made a defendant on the charge contained in Count Two.

14. TOYODA GOSEI CO., LTD. ("the defendant") is a corporation organized and existing under the laws of Japan, with its principal place of business in Aichi, Japan, and U.S. subsidiaries in various locations, including Troy, Michigan. During the period covered by Count Two, the defendant was engaged in the business of manufacturing and selling automotive airbags and steering wheels to Fuji Heavy Industries, Ltd., and certain of its subsidiaries, affiliates and suppliers (collectively, "Subaru") and to Toyota in the United States and elsewhere.

15. Other corporations and individuals, not made defendants in this Count, participated as co-conspirators in the offense charged in this Count and performed acts and made statements in furtherance of it.

16. Whenever in this Count reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control or transaction of its business or affairs.

II.

BACKGROUND

17. During the period covered by this Count, the defendant and its co-conspirators supplied automotive airbags and steering wheels to Subaru and Toyota for installation in vehicles manufactured and sold in the United States and elsewhere. During the period covered by this Count, the defendant and its co-conspirators manufactured automotive airbags and steering wheels in the United States for installation in vehicles manufactured and sold in the United States, and in Japan for installation in vehicles manufactured in Japan for export to and sale in the United States.

18. Airbags are occupant restraints designed to control the movement of an occupant inside a vehicle during an accident. An airbag consists of a light fabric air bag, an inflator, which through use of pressurized gas (typically generated by pyrotechnic materials), rapidly inflates the airbag upon deployment, and an initiator to initiate the deployment. It may also include, depending on the requirements of the vehicle manufacturer, an injection molded plastic decorative cover or other devices associated with the airbag. Steering wheels consist of a die-cast armature (frame) covered by molded polyurethane and finished with leather, wood trim, or

plastic, and may include various electronic features and controls, depending on the requirements of the vehicle manufacturer. Automotive airbags and steering wheels are typically custom-designed to fit specific automobiles, and are developed over a year in advance of an automobile model entering the market. Before ordering automotive airbags and steering wheels for a new automobile model, automobile manufacturers typically requested pricing from suppliers, through RFQs. In response to the RFQs, the suppliers submitted price quotes, or bids, to the automobile manufacturer. When a supplier received part orders for a particular automobile model, it typically supplied the parts for the duration of that model, which is usually four to six years.

III.

## DESCRIPTION OF THE OFFENSE

19. Beginning at least as early as September 2003 and continuing until at least September 2010, the exact dates being unknown to the United States, the defendant and its co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition by agreeing to allocate sales of, to rig bids for, and to fix, stabilize, and maintain the prices of, automotive airbags and steering wheels sold to Subaru and Toyota in the United States and elsewhere. The combination and conspiracy engaged in by the defendant and its co-conspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

20. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and its co-conspirators, the substantial terms of which were to allocate sales of, to rig bids for, and to fix, stabilize, and maintain the prices of, automotive airbags and steering wheels sold to Subaru and Toyota in the United States and elsewhere.

7

IV.

## MEANS AND METHODS OF THE CONSPIRACY

21. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and its co-conspirators did those things that they combined and conspired to do, including, among other things:

  (a) participating in meetings, conversations, and other communications to discuss the bids and price quotations to be submitted to Subaru and Toyota in the United States and elsewhere;

  (b) agreeing during those meetings, conversations, and communications, to allocate among the companies certain sales of certain automotive airbags and steering wheels sold to Subaru and Toyota in the United States and elsewhere;

  (c) agreeing, during those meetings, conversations, and communications, on bids and price quotations to be submitted to Subaru and Toyota in the United States and elsewhere;

  (d) exchanging information on bids and price quotations to be submitted to Subaru and Toyota in the United States and elsewhere, in order to effectuate the agreements;

  (e) submitting bids and price quotations to Subaru and Toyota in the United States and elsewhere in accordance with the agreements;

  (f) selling automotive airbags and steering wheels to Subaru and Toyota in the United States and elsewhere at collusive and noncompetitive prices; and

    (g)    accepting payment for automotive airbags and steering wheels sold to Subaru and Toyota in the United States and elsewhere at collusive and noncompetitive prices.

## V.

## TRADE AND COMMERCE

22.    During the period covered by Count Two, the defendant and its co-conspirators sold to Subaru and Toyota in the United States and elsewhere substantial quantities of automotive airbags and steering wheels in a continuous and uninterrupted flow of interstate and foreign trade and commerce. In addition, substantial quantities of equipment and supplies necessary to produce and distribute such automotive airbags and steering wheels, as well as substantial payments for such parts, traveled in interstate and foreign trade and commerce.

23.    During the period covered by Count Two, the business activities of the defendant and its co-conspirators in connection with the production and sale of automotive airbags and steering wheels that are the subject of this Count were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## VI.

## JURISDICTION AND VENUE

24.    The combination and conspiracy charged in this Information was carried out within the United States, at least in part, within the five years preceding the filing of the Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

|  |  |
|---|---|
| _____<br>RENATA HESSE<br>Acting Assistant Attorney General | _____<br>FRANK J. VONDRAK<br>Chief, Chicago Office |
| _____<br>BRENT SNYDER<br>Deputy Assistant Attorney General | _____<br>ANDRE M. GEVEROLA, IL Bar No. 6281457<br>  Assistant Chief<br>CHRISTINE M. O'NEILL, IL Bar No. 6300456<br>ROBERT M. JACOBS, IL Bar No. 6289819<br>  Trial Attorneys<br>U.S. Department of Justice<br>Antitrust Division<br>Chicago Office<br>209 S. LaSalle Street, Suite 600<br>Chicago, IL 60604<br>Tel.: (312) 984-7200 |
| _____<br>MARVIN N. PRICE, JR.<br>Director of Criminal Enforcement<br>Antitrust Division<br>U.S. Department of Justice | |